IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

BRIAN D. FRAZIER,

                                                    Petitioner,

      v.                                                                    OPINION AND ORDER

MICHAEL MEISNER,                                               25-cv-242-wmc

                                                  Respondent.
───────────────────────────────────────────────────────────────

      A state prisoner representing himself while incarcerated at the Fox Lake Correctional Institution, petitioner Brian Frazier is petitioning for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for first-degree sexual assault of a child under 13 and child abuse, following his no-contest plea in Columbia County Circuit Court Case No. 2011CF489 on November 19, 2013. (Dkt. #1.) The court originally construed Frazier's petition as raising two constitutional claims: (1) his trial counsel was ineffective for not challenging the search warrant and product of the resulting search under the Fourth Amendment, including his custodial interrogation under *Miranda v. Arizona*, 384 U.S. 436 (1966); and (2) his rights to due process and equal protection were violated when police prematurely disposed of a bedsheet and related blood evidence in 2016. (Dkt. #5, at 1.) However, a more thorough review of Frazier's petition and the relevant record reveals that he also appears to be raising the following *additional* challenges: (3) officers violated his Fourth Amendment rights by obtaining and executing an overbroad and invalid search warrant; (4) his trial counsel was ineffective for not challenging inconsistencies in the victim's statement and not requesting DNA testing of the bedsheet; and (5) his postconviction counsel were ineffective for failing to "discover" the

*Miranda* violation and to question the validity of the search warrant and its execution. (Dkt. #1-1, at 3-6.)

Before briefing even commenced on the habeas petition, respondent moved to dismiss all of Frazier's claims as untimely under the governing one-year statute of limitations on federal habeas review found in 28 U.S.C. § 2244(d)(1). (Dkt. #4.) In response to that motion, Frazier argues that: (1) he did not learn about the destruction of evidence until a February 2022 hearing related to his September 2021 motion for DNA testing; and (2) his motion for DNA testing and subsequent postconviction motion also tolled the statute of limitation period for all of his claims. (Dkt. #8.) In reply, respondent now concedes the timeliness of Frazier's claim regarding the destruction of evidence for the reasons he has articulated, but argues that neither Frazier's late discovery of the destroyed evidence, nor his related DNA testing and postconviction motions, tolled the statute of limitations with respect to any other claim.[1] (Dkt. #9.)

For the reasons discussed below, respondent's motion to dismiss will be granted with respect to Frazier's Fourth Amendment and all but one of his ineffective assistance of counsel claims, and those claims will be dismissed with prejudice as barred by the governing statute of limitations. The motion will otherwise be denied, and a response and briefing will be ordered as to Frazier's claims that: (1) the destruction of evidence violated his rights to due process and equal protection; and (2) his postconviction counsel was ineffective for failing to question him

---

[1] Because the court did not identify Frazier's Fourth Amendment or ineffective assistance of postconviction counsel claims in its screening order, respondent did not discuss them in his motion to dismiss, but the court can reasonably infer respondent would argue that these claims are untimely for the same reasons.

at an evidentiary hearing whether he would have changed his plea if trial counsel had informed him about a possible *Miranda* violation.

BACKGROUND[2]

On November 19, 2013, petitioner Brian Frazier pled no contest to first-degree sexual assault of a child under 13 years and child abuse in Columbia County Circuit Court Case No. 2011CF489. With the approval of the Wisconsin Court of Appeals, Frazier filed a supplemental postconviction motion in February 2017,[3] requesting a hearing pursuant to *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979), based on his contention that trial counsel was ineffective for failing to challenge his confession under *Miranda*. *See Frazier*, 2021 WI App 36, ¶¶ 4-9. While the circuit court denied his postconviction motion without an evidentiary hearing, the court of appeals reversed on appeal and remanded for an evidentiary hearing on whether counsel's deficient performance in not filing a suppression motion resulted in prejudice to the defendant. *Id*., at ¶ 10. After granting the State's petition for review, the Wisconsin Supreme Court also summarily vacated the court of appeals' decision on February 27, 2019, and remanded for an evidentiary hearing on *both* deficient performance and prejudice, explaining that the merits of the ineffective assistance claim were not yet before

---

[2] Unless otherwise indicated, the court takes the following facts from the petition and its attachments (dkt. #1), the state court records attached to respondent's brief in support of its motion (dkt. #4-1 to 4-8), and the Wisconsin Court of Appeals' decisions regarding the appeal of his postconviction motions. *State v. Frazier*, No. 2023AP418, 2024 WI App 49, 11 N.W.3d 450 (Ct. App. Jul. 11, 2024); *State v. Frazier*, No. 2019AP2120-CR, 2021 WI App 36, 960 N.W.2d 630 (Ct. App. Apr. 1, 2021); *State v. Frazier*, 2017AP1249-CR, 2018 WI App 62, 384 Wis. 2d 271, 921 N.W.2d 16 (Ct. App. Aug. 2, 2018).

[3] Frazier filed a previous postconviction motion to withdraw his pleas in September 2014, and was subsequently granted reinstatement of his direct appeal in October 2016, so that he could challenge the effectiveness of his trial counsel. *See Frazier*, 2021 WI App 36, ¶¶ 5-8.

3

the appellate court, which had addressed only the question of whether Frazier had sufficiently pleaded an ineffective assistance claim to entitle him to an evidentiary hearing. (Dkt. #4-2.)

Following a *Machner* hearing on remand, the circuit court denied both Frazier's ineffective assistance of counsel claim and his motion to withdraw his plea. 2021 WI App 36, ¶¶ 11 and 14. The court of appeals affirmed, assuming without deciding that trial counsel had performed deficiently, adopting the circuit court's adverse credibility findings against Frazier, and rejecting his claim of prejudice. *Id*., at ¶¶ 21-35. The Wisconsin Supreme Court denied review on August 11, 2021 (dkt. #4-4), and Frazier did not petition the United States Supreme Court for certiorari (dkt. #1, at 3).

On September 7, 2021, Frazier next filed a motion for postconviction DNA testing of the blood-stained bedsheet under Wis. Stat. § 974.07. (*See* dkt. #4-7; *Frazier*, 2024 WI App 49, ¶ 2.) However, during a video hearing in the circuit court on February 25, 2022, an assistant district attorney disclosed for the first time that the bedsheet Frazier sought to have tested had been lost or destroyed. Then, during a court hearing on September 13, 2022, Columbia County Police Chief Weiner testified that "[a]ny evidence was discarded or destroyed in January of 2016." (Dkt. #1, at 8 lines 16-17.)

At the circuit court's direction, Frazier also filed a written brief on the matter on November 17, 2022, arguing that: (1) his trial and postconviction counsel were ineffective for failing to challenge the search warrant and resulting search, to request DNA testing of the bedsheet, and to investigate the alleged presence of blood on the bedsheet; (2) the destruction of the bedsheet and blood evidence denied him due process, equal protection, and the ability to effectively argue actual innocence and ineffective assistance of trial and postconviction counsel; and (3) postconviction counsel was ineffective at the evidentiary hearing for failing to

4

ask Frazier whether he would have rejected the plea offer if his trial counsel had informed him about a potential *Miranda* violation. (*See Frazier*, 2024 WI App 49, ¶ 4; dkt. #4-8.) Construing Frazier's brief as a Wis. Stat. § 974.06 motion, the circuit court denied it without further evidentiary hearing. *Frazier*, 2024 WI App 49, ¶ 2.

On July 11, 2024, the court of appeals affirmed the denial of Frazier's latest postconviction motion, holding that: (1) Frazier could not raise his new ineffective assistance of trial counsel claims concerning the search and bedsheet, nor his related ineffective assistance of postconviction counsel claims, because he had failed to do so in his earlier postconviction motion, *id*. at ¶¶ 5-10 (citing Wis. Stat. § 974.06(4); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994)); (2) Frazier failed to show a violation of his due process and equal protection rights, *id*. at ¶¶ 11-17; and (3) assuming without deciding that postconviction counsel's performance was deficient, Frazier failed to establish that a new evidentiary hearing would have resulted in a finding that he would have rejected the plea offer had he known about the possible suppression of his custodial statements based on a *Miranda* violation, *id*. at ¶¶ 18-28. After the Wisconsin Supreme Court denied review on January 16, 2025 (dkt. #4-6), Frazier filed his federal habeas petition in this court on March 21, 2025.

OPINION

In relevant part for purposes of respondent's motion to dismiss, § 2244(d)(1) establishes a one-year period of limitation to file a petition for a writ of habeas corpus, which "shall run from the latest of": "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" or "(D) the date on which the factual predicate of the claim or claims presented could have been discovered

5

through the exercise of due diligence." 28 U.S.C. §§ 2244(d)(1)(A) & (D). *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (section 2244(d)(1)(D) regarding new factual predicate applies claim-by-claim). While the limitations period is tolled if "a properly filed application for State post-conviction or other collateral review with respect to the *pertinent* judgment or claim is pending" in state court, § 2244(d)(2) (emphasis added), collateral motions filed *after* the limitations period has run are "irrelevant," because they do "not restart" the limitations period after it has run. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[W]hat subsection (2) does is *exclude* particular time from the year, not *restart* that year.") (emphasis in original).

As respondent points out, petitioner did not seek certiorari review by the United States Supreme Court following the state supreme court's denial of his second and final petition for review on August 11, 2021. As a result, his conviction became final 90 days later, on November 9, 2021. U.S. Sup. Ct. R. 13(1). And unless tolled, his time for filing a federal habeas petition expired one-year later, on November 9, 2022, almost two and a half years *before* Frazier filed his petition in this court on March 21, 2025. 28 U.S.C. § 2244(d)(1)(A).

Nevertheless, petitioner disputes the expiration of the statute of limitations on two grounds. *First*, he argues that his limitation period for all of his claims did not start to run until February 25, 2022, when he first discovered that the bedsheet had been destroyed. As previously noted, respondent concedes that the discovery of the destruction of evidence reset the clock for his due process and equal protection claims, but argues that Frazier's discovery did *not* reset the clock as to his other claims, which had nothing to do with the officers' destruction of the blood-stained bedsheet in 2016. The court agrees. Petitioner's Fourth Amendment and ineffective assistance of counsel claims regarding an alleged invalid search,

6

*Miranda* violation, and failure to challenge, investigate, and test specific evidence are not based on the fact that officers destroyed potentially-exculpatory evidence three years after petitioner entered his no-contest plea. Indeed, petitioner knew about and would have been able to raise all of these constitutional challenges well before he discovered the destruction of evidence in February 2022.

*Second*, petitioner argues that his motion for DNA testing under Wis. Stat. § 974.07, filed on September 7, 2021, and motion for postconviction relief under § 974.06, filed on November 17, 2022, should have tolled the statute of limitations period for all of his claims until April 2025 -- 90 days after the state supreme court denied his petition for review of the denial of his postconviction motion. As respondent points out, however, a motion for DNA testing is not a motion for collateral review that tolls the statute of limitations for bringing a federal habeas petition under 28 U.S.C. § 2254. *See Patterson v. Adkins*, 124 F.4th 1035, 1045-46 (7th Cir. 2025) (citing *Price v. Pierce*, 617 F.3d 947, 952-53 (7th Cir. 2010)) (discussing similar Illinois statute); *United States v. Cruz-Rivera*, No. 22-2644, 2023 WL 5955214, at *1 (7th Cir. Sept. 13, 2023) ("[R]equest for DNA testing did not attack the judgment of conviction," even though "a particular result of a DNA test might lay the groundwork for such a challenge."); *Locke v. Eplett*, No. 22-cv-189, 2022 WL 1156177, at *1 (E.D. Wis. Apr. 19, 2022) ("[M]otions that do not directly challenge the conviction do not impact the tolling of AEDPA's statute of limitations."). Indeed, nothing in § 974.07, or in Wisconsin state court opinions of which this court is aware, suggests that Wisconsin considers a § 974.07 motion to be a collateral attack, nor that a circuit court has the authority to release a defendant from custody under that statute. At most, should a circuit court grant a § 974.07 motion, a DNA test is performed and the defendant receives the results. *See Price*, 617 F.3d at 952 (applying

7

similar reasoning to Illinois' DNA testing statute). While the defendant may choose to rely on the DNA test results in a *separate* postconviction motion claiming actual innocence, "no hearing automatically follows" the granting of a motion for DNA testing. *Id*. at 953 (noting same).

As noted, however, petitioner *did* file a postconviction motion directly challenging his conviction under § 974.06 on November 17, 2022. While respondent argues that this motion had no tolling effect because Frazier's statute of limitations period had already expired on November 9, 2022 -- nine days before he filed the postconviction motion -- this argument only goes so far. In particular, the Seventh Circuit has held that a petition for collateral review that fails to comply with state procedural requirements is still "properly filed" if the state accepts it and issues a decision on the *merits*, resulting in tolling of the limitations between the filing of the request to excuse the default and the state court's decision on the merits. *Patterson*, 124 F.4th at 1046; *see also Fernandez v. Sternes*, 227 F.3d 977, 978-80 (7th Cir. 2000) (state court's allowance of late notice of appeal rendered it "properly filed"); *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000) (same).

Here, court records available online in Columbia County Case No. 2011CF489 show that the circuit court requested during a September 13, 2022 hearing that petitioner brief "the matter" by November 21, 2022, then construed that brief as a postconviction motion. While petitioner did not raise any Fourth Amendment claim in that motion, he did assert several ineffective-assistance claims as to both his trial and postconviction counsel, as well as claims that the destruction of evidence violated his rights to due process and equal protection. On appeal, the state court of appeals denied all but one of his ineffective assistance claims on procedural grounds, but did address the *merits* of petitioner's new claims regarding (1) destruction of evidence, and (2) postconviction counsel's ineffectiveness for not questioning

Frazier at a *Machner* hearing about the possible impact of trial counsel's failure to inform him of a potential *Miranda* violation.

Moreover, when the court of appeals agreed to accept a postconviction motion from petitioner on September 13, 2022, 56 days remained on his federal habeas clock, which was then further tolled between September 13, 2022, and April 16, 2025 (90 days after the state supreme court denied his petition for review), at least with respect to those claims that the court of appeals ultimately denied on the merits. Because petitioner filed his habeas petition in this court in March 2025, therefore, the following claims are *not* barred by 28 U.S.C. § 2244(d)(1): (1) police destroyed the bedsheet and blood evidence in violation of his due process and equal protection rights; and (2) postconviction counsel was ineffective for not questioning petitioner about the impact trial counsel's failure to inform him of a potential *Miranda* violation during a *Machner* hearing on his first postconviction motion. Thus, for the reasons explained above, those claims survive respondent's § 2244(f) motion, while petitioner's remaining Fourth Amendment and ineffective assistance of counsel claims must be dismissed as time-barred.

ORDER

IT IS ORDERED that:

1) Respondent Michael Meisner's motion to dismiss (dkt. #4) is GRANTED IN PART and DENIED IN PART as set forth in this order.

2) Petitioner Brian Frazier may have until **April 1, 2026,** to either file a brief in support of the following claims in his habeas petition (or inform the court and respondent that he does not wish to proceed):

    a. that the police officers' destruction of a bedsheet with blood evidence violated petitioner's rights under the Due Process and Equal Protection Clauses; and

9

      b. that his postconviction counsel was ineffective during his first postconviction evidentiary hearing in failing to ask petitioner whether he would have rejected the plea offer if his trial counsel had informed him about a potential *Miranda* violation.

3) Petitioner's remaining Fourth Amendment and ineffective assistance of counsel claims are DISMISSED with prejudice as barred by the governing statute of limitations.

4) Within 60 days of petitioner's filing of a supporting brief on the remaining two claims, respondent must file a response to the petition in compliance with Rule 5 of the Rules Governing Section 2254 Cases, showing cause, if any, why this writ should not issue. Moreover, respondent must address these remaining claims on the merits, even if respondent also argues that the petition fails on one or more procedural grounds.

5) Petitioner may, if he wishes, file a reply within 30 days after respondent has filed a response.

Entered on this 2nd day of March, 2026.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          WILLIAM M. CONLEY
                                          District Judge